UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEAN-EDOIT FRANCOIS,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1229

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.)

In an order entered on April 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the March 5, 2026, bond hearing on April 27, 2026. (Resp., ECF No. 6; Recording of Bond Hearing, filed on Apr. 27, 2026.) Petitioner filed his reply later the following day, (ECF No. 7).

## II.     Relevant Factual Background

Petitioner is a citizen of Haiti who entered the United States in 2011. (Pet., ECF No. 1, PageID.7; Notice to Appear (NTA), ECF No. 6-2, PageID.72.) On January 28, 2026, Petitioner was arrested by ICE. (2026 Form I-213, ECF No. 6-1, PageID.70.)

On March 5, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.9; Immigration Judge Order, ECF No. 6-4, PageID.76.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Respondent is a flight risk. Respondent failed to comply with the terms of his participation in Alternatives to Detention and Respondent has not presented evidence of his attempts to cure any violations. Even if Respondent had testified to follow up attempts to comply with ADT, the Court would not be inclined to accept his testimony alone. The Respondent was previously granted Temporary Protected Status; however, his renewal request was denied due to his failure to submit additional documents as required. Respondent's application for asylum filed with the Court is not complete and also does not list a spouse or employment thereby making his application inconsistent with the information presented for today's hearing.
>
> The evidence presented to this Court does not indicate Respondent has a sufficient likelihood of success in being granted immigration relief.
>
> As the Court has determined that Respondent is a flight risk, the Court declines to change Respondent's custody status.

(Immigration Judge Order, ECF No. 6-4, PageID.76.) Petitioner filed an appeal of that decision, which remains pending. (Receipt for Appeal, ECF No. 6-5, PageID.78.)

## III.    Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 on March 6, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that Petitioner

"is a flight risk." (Immigration Judge Order, ECF No. 6-4, PageID.76.) In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that the ruling "relied on undeveloped allegations of Alternatives of Detention noncompliance, unresolved agency-record inconsistencies, and documentary issues in TPS and asylum filings that do not establish danger or genuine flight risk." (Pet., ECF No. 1, PageID.6.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 6, PageID.61–64.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise

3

correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. (Receipt for Appeal, ECF No. 6-5, PageID.78.) Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:     April 28, 2026                              /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge